UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONELL THOMAS HAYNIE,<br><br>Plaintiff,<br><br>v.<br><br>EUGENE L. BALONON, et al.,<br><br>Defendants. | No. 2:16-cv-0641 MCE AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I.     Introduction

Plaintiff Donell Haynie is a state prisoner at Mule Creek State Prison (MCSP), under the authority of the California Department of Corrections and Rehabilitation (CDCR).[1] Plaintiff commenced this action while incarcerated at the California Correctional Institution. Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the following reasons, the undersigned recommends that plaintiff's request to

---

[1] Plaintiff's current location has been determined by reference to CDCR's Inmate Locator website. See http://inmatelocator.cdcr.ca.gov/ This court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

1

proceed in forma pauperis be granted, but this action be dismissed without leave to amend for failure to state a cognizable claim.

II. In Forma Pauperis Application

Plaintiff has submitted an affidavit, ECF No. 2, and prison trust account statement, ECF No. 7, that make the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

As a result, plaintiff must, over time, pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

III. Screening of Plaintiff's Complaint

A. Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B.     Plaintiff's Allegations

Plaintiff alleges that in 2015, five years after his 2010 trial and conviction for kidnapping in the Sacramento County Superior Court, he received "a small set of transcripts and exhibits from former appellate counsel." ECF No. 1 at 3. These documents included an "Acknowledgement of Disclosure" informing the parties that the trial judge, Sacramento County Superior Court Judge Eugene Balonon, was married to Sacramento County Deputy District Attorney Theresa Kwong, whose work was limited to misdemeanors. See id. at 19. The Disclosure states that Judge Balonon was unaware of any basis for disqualification from hearing plaintiff's case, and invited counsel to disclose any potential basis for disqualification. Plaintiff's defense counsel,

3

Lisa Franco, and the prosecuting Deputy District Attorney, Keith Hill, signed the Disclosure, averring in pertinent part that it has "been read by, and fully discussed with, his/her client."  Id. Plaintiff alleges that he was never informed of this matter.  He alleges violations of his rights to due process, equal protection, and the effective assistance of counsel.  Plaintiff seeks a "jury trial" and a total of 15 million dollars in damages.

### C.     Analysis

Plaintiff alleges that he was not informed of the subject Acknowledgement of Disclosure or, therefore, of Judge Balonon's potential bias.  Plaintiff implies, although he does not expressly allege, that if had he been so informed, he would have successfully challenged Judge Balonon on bias grounds and therefore would not have been convicted.  This proposition is implicit in plaintiff's request for a jury trial.  However, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  Heck v. Humphrey, 512 U.S. 477, 487 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  Id.  Here, plaintiff is serving a sentence premised on the conviction he challenges.  Under Heck, plaintiff may not pursue this damages action under Section 1983.

In addition, all of the named defendants are either immune from a damages suit for their participation in plaintiff's trial, or cannot be sued under the Civil Rights statute.  Judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under Section 1983.  See Pierson v. Ray, 386 U.S. 547 (1967); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).  District attorneys are also absolutely immune from a civil damages suit under Section 1983 that challenges their pursuit of a criminal prosecution.  See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976).  Finally, because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," Polk County v. Dodson, 454 U.S. 312, 325 (1981), plaintiff's defense attorney is not a proper defendant in a Section 1983 action.

To the extent (if any) that plaintiff could state cognizable due process and/or ineffective assistance of counsel claims on the basis that he was not informed of the subject Disclosure, such claims would need to be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant complaint cannot reasonably be construed as, or converted to, a habeas petition. To be cognizable, a federal habeas due process claim alleging judicial bias must demonstrate "either actual bias, or a possible temptation so severe that we might presume an actual, substantial incentive to be biased." Del Vecchio v. Illinois Dept. of Corrections, 31 F.3d 1363, 1380 (7th Cir. 1994) (en banc), cert. denied 514 U.S. 1037 (1995). The instant complaint alleges neither. Additionally, federal habeas petitions are subject to state exhaustion and statute of limitations requirements that have clearly not been met in the instant case.[2]

### IV. Dismissal Without Leave to Amend

The court is persuaded that plaintiff is unable to allege any facts, based on the circumstances he challenges, that would state a cognizable federal civil rights claim. As a result, amendment of the complaint would be futile. "A district court may deny leave to amend when amendment would be futile." Hartmann v.CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."). Therefore, the undersigned will recommend the dismissal of this case without leave to amend for failure to state a cognizable claim.

### V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to correct the docket to reflect plaintiff's current address at Mule Creek State Prison.

2. Plaintiff's application to proceed in forma pauperis, ECF No. 2, is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

---

[2] A petitioner satisfies the exhaustion requirement by providing the state's highest court with a full and fair opportunity to consider his federal claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971). Although an unexhausted federal habeas petition may be stayed and held in abeyance under very limited circumstances, see Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (applying the standards set forth in Rhines v. Weber, 544 U.S. 269, 278 (2005)), federal habeas petitions are subject to a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order filed concurrently herewith.

Additionally, for the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be summarily dismissed, without leave to amend, for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 7, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE